

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 22, 1958

Hon. Zollie Steakley
Secretary of State
Capitol Station
Austin, Texas

Opinion No. WW-503

Re: The authority of the Secretary
of State to accept and file
Articles of Incorporation which
include, in part, the following
purpose clause: "To establish,
maintain, and carry on a general
currency exchange business and
in connection therewith to issue
checks, travelers' checks, money
orders, and other negotiable in-
struments, but without banking,
discounting, or insurance privi-
leges.

Dear Mr. Steakley:

        Your request for the opinion of this office is in
part as follows:

        "The opinion of your office is respectfully
requested concerning the authority of this office
to accept and file Articles of Incorporation
which include, in part, the following purpose
clause under which it proposed to engage in busi-
ness in this State:

        "'To establish, maintain and carry on a gen-
eral currency exchange business and in connection
therewith to issue checks, travelers' checks, money
orders, and other negotiable instruments, but with-
out banking, discounting or insurance privileges.'
(Emphasis added)

        "Insofar as I have been able to ascertain, it
has been the uniform departmental construction of
this office since the enactment of the Business
Corporation Act that the sale or issuance of money
orders and travelers' checks constituted one of the
purposes of banking and the Business Corporation
Act was not applicable to such corporations under
the provisions of Article 2.01b(4)a and 9.14A. It
is further noted that there is no provision under
Article 1302, R.C.S. for authorizing a corporation

to engage in business for the purpose of carrying on a general currency exchange business or issuing or selling travelers' checks or money orders."

Article 2.01A, Business Corporation Act, provides that "(c)  Corporations for profit may be organized under this Act for any lawful purpose or purposes. . . ."  However, under the provisions of Article 2.01B(4)(a) no corporation can be organized under the Act if any one or more of its purposes is to operate a bank.

It appears from your request that the uniform departmental construction of the office of the Secretary of State has been that the sale or issuance of money orders or travelers' checks constituted one of the purposes of banking.

In Opinion No. WW-440 (pp. 6-7 and 9-12) this office held that under the provisions of the Business Corporation Act where articles of incorporation were submitted containing purpose clauses identical with or similar to purpose clauses authorized under the provisions of Title 32, Chapters 1 and 2, Vernon's Civil Statutes, and particularly Article 1302, without the qualifying words or clauses of limitation contained therein, such qualifying words or clauses of limitation would have to be added before you would be authorized to grant a charter or amendment thereto to a domestic corporation, or issue a certificate of authority to a foreign corporation. The purpose clause referred to in your letter of request specifically states that the corporation shall be "without banking, discounting or insurance privileges," and therefore it is not subject to the disqualification referred to in Opinion WW-440.

You further note that there is no provision in Article 1302, V.C.S., authorizing a corporation to engage in business for the purpose of carrying on a general currency exchange business or issuing or selling travelers' checks or money orders.  While it is true that prior to the enactment of the Business Corporation Act a corporation could only be formed in this State for one of the purposes authorized by legislative enactment, nevertheless it is a matter of common knowledge that one of the legislative purposes in enacting the Business Corporation Act was to permit a corporation to be organized for any lawful purpose, or, stated conversely, for any purpose not prohibited by law, even though prior to the effective date of the Business Corporation Act a corporation could not be formed for such lawful purpose because the Legislature had not specifically authorized or designated such purpose as a lawful purpose for which a corporation could be created.

The establishment, maintenance, and conduct of a general currency exchange business in connection with which the corporation could issue checks, travelers' checks, money orders, and other negotiable instruments is a lawful business. State v. Currency Services, Inc., 218 S.W.2d 600 (Sup.Ct. Mo. 1949). Therefore, since the purpose clause referred to is a lawful purpose you would be authorized to accept and file the proposed articles of incorporation unless the purpose clause could be construed to be for the purpose of operating a bank, and therefore prohibited under the provisions of Article 2.01B(4)(a).

We have already noted the qualifying words or limiting clause that the corporation shall be "without banking, discounting . . .'privileges." These words of limitation should be sufficient to render the proposed corporation subject to forfeiture of its charter by appropriate legal action in case it violated its corporate purpose by engaging in the banking business. However, it is well settled law in Texas that a corporation may be chartered for the purpose of engaging in certain business activities which are also engaged in by banks without engaging in the banking business. Kaliski v. Gossett, 109 S.W.2d 340, 344 (Civ.App. 1937, error ref.); Brenham Production Credit Ass'n v. Zeiss, 153 Tex. 152, 264 S.W.2d 95, 97 (1953). For example, see sub-divisions 48 and 49, Article 1302, and Article 1303(b), V.C.S., and compare Article 342-301; Attorney Generals' Opinions, Bienniel Report of 1912-1914, p. 342; Attorney General's Opinion No. WW-440.

It is the opinion of this office that the proposed purpose clause contained in your letter of request is for a lawful purpose not prohibited by Article 2.01B(4)(a).

### SUMMARY

The Secretary of State has the authority to accept and file articles of incorporation which include, in part, the following purpose clause:

"To establish, maintain and carry on a general currency exchange business and in connection therewith to issue checks, travelers' checks,

money orders, and other negotiable instruments, but without banking, discounting, or insurance privileges."

Yours very truly,

WILL WILSON
Attorney General of Texas

By  C. K. Richards
    C. K. Richards
    Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Wallace P. Finfrock
Howard Mays
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert